United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. PRICE,<br>Plaintiff,<br>v.<br>TONY LIBARDI, et. al.,<br>Defendants. | Case No. 26-cv-08063-JD<br>26-cv-08716-JD<br><br>**ORDER RE DISMISSAL** |

Pro se plaintiff Price, a patient at Napa State Hospital, filed two civil rights complaints under 42 U.S.C. § 1983.

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has stated the "plausible on its face" standard

of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In Case No. 26-cv-8063, plaintiff alleges that a pizza restaurant in Ohio is illegally using his name and likeness in their business in violation of the Fifth Amendment. He seeks two hundred million dollars in damages. In Case No. 26-cv-8716, plaintiff alleges that PNC Bank is using his name to convince customers that their products are reliable in violation of the Fifth Amendment. He seeks twenty-four millions dollars in damages. In each case, the complaints are devoid of facts that might plausibly allege a claim.

These cases are frivolous and fail to state a claim under 42 U.S.C. § 1983. Because no amount of amendment would cure the deficiencies in these complaints, these cases are dismissed and leave to amend is denied. The Clerk is requested to terminate all pending motions and close the cases.

**IT IS SO ORDERED.**

Dated: October 15, 2026

JAMES DONATO
United States District Judge